**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X  Case No.:
DELANDA ROBERTSON,

                              Plaintiff,                  **COMPLAINT**

     -against-

SERVICES FOR THE UNDERSERVED, INC., AND   **PLAINTIFF DEMANDS**
SOLOH PARTNERS INC., *individually*,                **A TRIAL BY JURY**

                              Defendants.
-------------------------------------------------------------------X

Plaintiff, DELANDA ROBERTSON, by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the New York State Human Rights Law, New York State Executive Law § 296, et. seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), et. seq. ("NYCHRL"), and seeks damages to redress the injuries she has suffered as a result of being discriminated against, sexually harassed, subjected to a hostile work environment, and retaliated against on the basis of gender (female).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state and city law pursuant to 28 U.S.C. §1367.

1

4. Venue is proper in this District pursuant to 28 U.S.C. 1391(b), as the acts complained of occurred within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated October 26, 2020 with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff DELANDA ROBERTSON ("Plaintiff") is female and a resident of the State of New York and the County of Kings.

9. That at all times relevant hereto, Defendant SERVICES FOR THE UNDERSERVED, INC. ("SUS") was and is a New York corporation operating in the State of New York as a domestic non-for-profit corporation.

10. Upon information and belief, Defendant SUS owns and/or operates a location at 37-25 Crescent Street, Queens, New York 11101.

11. Upon information and belief, Defendant SUS employees at least fifteen (15) or more employees.

12. That at all times relevant hereto, Defendant SOLOH PARTNERS INC. ("SOLOH") was and is a Delaware corporation operating in the State of New York as a foreign business corporation.

13. Upon information and belief, Defendant SOLOH employees at least fifteen (15) or more employees.

14. In addition, upon information and belief, Defendants, SUS and SOLOH, operate out of a location at 37-25 Crescent Street, Queens, New York 11101 (the "Crescent Street Facility").

15. Defendants, SUS and SOLOH ("Corporate Defendants"), are joint employers. As such, there are commonalities of hiring, firing, discipline, pay, insurance, records, and supervision.

16. Defendant SUS set and/or controlled Plaintiff's schedule, could discipline Plaintiff, trained Plaintiff, provided Plaintiff with onboarding documents, and mandated a dress code.

17. Defendant SOLOH paid Plaintiff, could discipline Plaintiff, and maintained Plaintiff's timesheets.

18. That at all times relevant hereto, Plaintiff was an employee of Corporate Defendants.

19. That at all times relevant hereto, Defendants, SUS and SOLOH are collectively referred to herein as "Defendants."

## MATERIAL FACTS

20. On or about April 22, 2020 Defendant SOLOH assigned Plaintiff to work for Defendants at the Crescent Street Facility, as a "Direct Support Specialist."

21. As a Direct Support Specialist, Plaintiff was responsible for providing support services for individuals with disabilities.

22. Prior to Plaintiff's complaint of sexual harassment and discrimination, Plaintiff worked a schedule of approximately thirty-six hours per week at the Crescent Street facility.

23. Initially, Plaintiff was excited to work at the Crescent Street facility, which aligned well with her goals and allowed her an ideal commute.

24. In approximately late April 2020, Plaintiff's work environment became permeated with sexual harassment.

25. In approximately late April 2020, one of Plaintiff's co-workers, Mr. Gil Scott, commented that Plaintiff had a "nice body."

26. Plaintiff was shocked and offended by this comment in the workplace.

27. On or about April 29, 2020, the sexual harassment of Plaintiff escalated. Plaintiff was in conversation with her supervisor Trayvon Smith when Mr. Scott interrupted to inform Plaintiff that she "had a nice shape."

28. Mr. Scott continued, in front of Plaintiff's supervisor, that because of Plaintiff's body shape she must frequent a sex shop called "The Pink Pussy." He also volunteered that because he sleeps with both men and women, he is acquainted with "The Pink Pussy" himself.

29. Plaintiff was shocked and mortified by this harassment.

30. Defendant's supervisor instructed Mr. Scott to stop, however Mr. Scott stated that "Oh, she knows I'm playing with her" and then proceeded to approach Plaintiff and attempt to wrap his arms around her.

31. Plaintiff, horrified, pushed Mr. Scott away and told him to stay away from her.

32. Mr. Scott responded by laughing, and began to talk with their supervisor Trayvon as if nothing had happened.

33. Following this incident, Plaintiff's supervisor, who had viewed the entire interaction, did not take any action disciplining Mr. Scott or otherwise to prevent sexual harassment from continuing, and in so doing tacitly accepted the climate of sexual harassment at the Crescent Street facility.

34. Overwhelmed with fear and distress from the sexually harassing environment, and seeing that her supervisor was taking no action against her harasser, Plaintiff formally complained to Defendant SOLOH on or about May 8, 2020.

35. In retaliation for making her complaint, Plaintiff was pulled from the schedule at the Crescent Street facility.

36. On or about May 14, 2020, Plaintiff complained that she had been pulled from the schedule due to her complaints about sexual harassment, and asked to be informed immediately when she could return to the Crescent Street location.

37. On or about May 18, 2020, Plaintiff spoke by phone with a human resources employee at Defendant SOLOH. This employee informed Plaintiff that she should be reinstated to and be able to receive hours at the Crescent Street location facility within a week. Subsequently she was removed from any other assignment.

38. As of the date of this Complaint, Plaintiff has not received any communication from Defendants regarding her position, nor have Defendants provided Plaintiff with any alternative forms of employment. As such, Defendants retaliated against Plaintiff for engaging in a protected activity and acquiesced to the hostile work environment.

39. Upon information and belief, Plaintiff's harasser remains employed at the Crescent Street facility to date.

40. Defendants created a hostile working environment, which unreasonably interfered with Plaintiff's work environment.

41. **Plaintiff was treated differently by Defendants, solely due to her gender (female)**.

42. But for the fact that Plaintiff is a female, Defendants would not have treated her differently.

43. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

44. The above are just some of the ways Defendants discriminated and retaliated against Plaintiff while employing her.

45. Corporate Defendants had knowledge of and/or acquiesced in the discrimination and/or harassment of Plaintiff.

46. Plaintiff's performance was, upon information and belief, exemplary during the course of her employment with Defendants.

47. Plaintiff has been unlawfully discriminated against, retaliated against, humiliated, degraded and belittled, and as a result, suffers loss of rights, emotional distress, loss of income, and earnings.

48. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff has suffered severe emotional distress.

49. As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional.

50. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

51. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

53. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for relief based upon the unlawful employment practices of the above-named Corporate Defendants. Plaintiff complains of Corporate Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (female).

54. Corporate Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff because of her gender (female).

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

57. Corporate Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of the Corporate Defendants.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

7

60. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her gender (female).

### AS A FOURTH CAUSE OF ACTION
### UNDER THE NEW YORK STATE EXECUTIVE LAW

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

63. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his opposition to the unlawful employment practices of the Defendants.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

64. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. The New York City Administrative Code §8-107(1) provides that,

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment." (emphasis added).

66. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender (female).

8

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

67. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

69. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendants.

## JURY DEMAND

70. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., the New York State Human Rights Law, New York State Executive Law, § 296 et. seq., and the New York City Human Rights Law, Administrative Code § 8-107 et seq., in that Defendants discriminated, and retaliated against Plaintiff on the basis of her gender, and assaulted and battered Plaintiff;

B. Awarding Plaintiff compensatory damages for mental, and emotional injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

9

E.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
January 11, 2021

                              **PHILLIPS & ASSOCIATES,**
                              **Attorneys at Law, PLLC**

By:    /s/ Shawn Clark
            Shawn Clark, Esq.
            *Attorneys for Plaintiff*
            45 Broadway, Suite 430
            New York, New York 10006
            T: (212) 248-7431
            F: (212) 901 - 2107
            sclark@tpglaws.com